NACIREMA COMPANY, Respondent, *v.* FRANK J. CASSIDY,
Appellant.

Real estate broker — commissions for renting property —
when broker entitled only to commissions on rental actually
received by lessor.

In an action brought by a real estate broker for commissions upon
the rental of certain premises for a term of years, the evidence was
sufficient to warrant the jury in finding that plaintiff produced a
party who was acceptable to defendant as a tenant, but was not
sufficient to establish that the prospective tenant, in the first instance,
was prepared to accept or comply with the terms imposed by defendant,
and communicated to the broker. The defendant and the prospective
tenant thereupon entered into an agreement by which the premises
were to be used as a hotel, from the net annual income of which
defendant was to be paid a certain sum, less than the rental he
wanted, and a certain percentage of the net income, over a designated
amount, for a fixed term of years. It appears that the business was
unsuccessful and discontinued after two years, and that the defendant
did not secure rental save to a lesser amount and suffered loss. *Held*,
that the broker is not entitled to commissions based on estimated
profits covering a period of years, in addition to the commission on
the rental agreed upon and received by defendant.

*Nacirema Co.* v. *Cassidy*, 184 App. Div. 884, modified.

(Argued March 17, 1920; decided April 13, 1920.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department, entered
June 5, 1918, affirming a judgment in favor of plaintiff
entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*William P. Maloney* for appellant. There was no
meeting of minds and no lease, only a contract for a lease
upon conditions which were never fulfilled. (*Diamond*
v. *Hartley*, 38 App. Div. 87; *Bennett* v. *Egan*, 3 Misc. Rep.

421; *Crombie* v. *Waldo*, 137 N. Y. 129; *Levy* v. *Kottman*, 11 Misc. Rep. 372; *Curtiss* v. *Mott*, 90 Hun, 439; *Platt* v. *Kohler*, 65 Hun, 557; *Wittwer* v. *Hurwitz*, 216 N. Y. 259; *Flaherty* v. *Cary*, 62 App. Div. 116; 174 N. Y. 550; *Rosenthal* v. *Light*, 185 App. Div. 702; *Meyer* v. *I. P. H. Co.*, 137 App. Div. 691.)

*Claude L. Gonnet* and *Louis H. Moos* for respondent. When a real estate broker produces to an owner of property a tenant who is ready, willing and able to enter into an agreement or lease of the premises upon terms satisfactory to the owner, the agent or broker is entitled to his commissions. (*Tanenbaum* v. *Boehm*, 202 N. Y. 293; 126 App. Div. 731; 135 App. Div. 287; *Sibbald* v. *B. Iron Co.*, 83 N. Y. 378.)

HOGAN, J. The defendant was the owner of premises situate at the northeast corner of Thirty-third street and Seventh avenue in the city of New York. In 1910-1911 he contemplated certain improvements and changes in the building located on the premises and its adaption to business purposes. The plaintiff is a corporation engaged in the real estate brokerage business. In October, 1910, one Meehan representing plaintiff had an interview with defendant, the substance of which, as testified to by him, was that defendant wanted $35,000 a year in rental for the premises for a ten-year term, and he, Meehan, agreed with defendant to try and secure a party of financial ability for the property. In September, 1911, before the building had been reconstructed, Meehan wrote to defendant that he and Mr. John F. Baber, a prospective customer, would call on defendant on Tuesday afternoon; that Mr. Baber had drawn up a tentative proposition suggesting a basis from which a plan " may be worked out for your new building." The parties met and discussed in a general way the property, the possibility of conducting a successful hotel business thereon and a plan

of forming a company to conduct the same in which defendant should have an interest. A schedule had been prepared by Meehan with the assistance of Baber disclosing the estimated annual income from and expenses of conducting a hotel business on the premises. The total annual net income was estimated at $61,739. Underneath that figure appeared " First part of rent " $25,000, which deducted from the anticipated net annual income left " Remaining to be divided, $36,739. Owner's share 60%, $22,043.40, Tenant's share, 40%, $14,695.60."

Thereupon an agreement in writing was entered into between Baber and defendant wherein they agreed to form a company known as the John F. Baber Company, which company was to take a lease of a certain portion of the premises of defendant, Baber to hold forty per cent of the stock, defendant to hold sixty per cent of the stock, owner to provide stationary fixtures, Baber to provide furnishings. The final clause read: " The full details of the Corporation, the lease and the agreements, to be worked out in the course of ten days by the parties hereto, it being understood that in case of disagreement over the forms of these final papers resulting in a breaking of these negotiations, neither party is to have recourse against the other in any manner." The company was not formed and no written lease was executed. The building of defendant after additional changes made therein to adapt the same to the purposes of a hotel and restaurant was completed in the spring of 1912. Baber supplied furnishings at an expense of from $15,000 to $20,000, entered into possession of the premises in April, 1912, and conducted a hotel and restaurant business there until March, 1914.

The business during Baber's occupancy of the premises did not measure up to the estimate made by him; he sustained a loss. Defendant did not secure rental save to a lesser amount and suffered loss.

In March, 1914, Baber and defendant separated.

Defendant assumed the unpaid obligations of the business, some $20,000, retained the furnishings and paid Baber the sum of $5,000.

The plaintiff recovered in this action on account of commissions, $4,700 and interest thereon from September, 1911, amounting to $1,714, a total of $6,414. The sum of $4,700 was reached as follows: Upon the schedule made by Meehan and Baber the total net income per year was estimated at $61,739. From that figure was deducted " First part of rent $25,000," then sixty per cent of the remainder, or $22,043.40, which added to the $25,000 made a total of $47,043.40 per annum, or for ten years $470,434.00, and one per cent thereon, $4,700.00.

While the evidence adduced upon the trial was sufficient to warrant the jury in finding that plaintiff produced a party who was acceptable to defendant as a tenant, it was not sufficient to establish that Baber, the prospective tenant in the first instance, was prepared to accept or comply with the terms imposed by defendant and communicated to Meehan. The fact that Meehan participated with Baber in the preparation of the schedule presented to defendant by Baber as a proposition for the premises and that Baber subsequently entered into possession of the premises substantially under that proposition is inconsistent with the claim that Baber was a party willing and ready to take a lease of the premises for a term of ten years upon the terms fixed by defendant. Referring to the agreement made between defendant and Baber, Meehan testified that the first $25,000 of the net annual income was to be paid to defendant as rental. Baber testified the rental agreed upon was to be $25,000 without any additions. Defendant testified that he was to receive $25,000 net rental under the proposed agreement with Baber and that the balance was supposed to be profits, that if he could get a man who would pay $25,000 net on these terms he would be very glad to have the lease signed by anybody

who was responsible. Little if any disagreement exists between the parties on that question and it follows that plaintiff's agent produced a tenant to defendant who was accepted by him as such to occupy the premises at an annual rental of $25,000. Defendant had no assurance that the estimated net income annually would be realized. As a matter of fact it was not. The defendant took a chance so far as profits were concerned. Plaintiff, however, is in no position to assert that defendant is liable for commissions based on estimated profits covering a period of years.

The judgment herein should be modified by reducing the recovery for damages to $2,500, with interest from September 18, 1911, and as so modified affirmed, with costs to appellant.

HISCOCK, Ch. J., COLLIN, McLAUGHLIN, ANDREWS and ELKUS, JJ., concur; POUND, J., dissents.

Judgment accordingly.